

FILED
JAMES BONINI
CLERK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

2008 SEP 16  A 10: 50

| | | |
|---|---|---|
| **SIERRA CLUB** | : | **CASE NO.:** **2:08 cv 865** |
| 131 N. High St. | : | |
| Suite 605 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| **MICHAEL SINCLAIR** | : | |
| 11986 Elmgrove Circle | : | |
| Cincinnati, Ohio 45240 | : | **JUDGE:** **JUDGE SMITH** |
| | : | |
| **THERESA COLE** | : | |
| 670 Carlsbad Rd. | : | **MAGISTRATE JUDGE ABEL** |
| Cincinnati, Ohio  45240 | : | |
| | : | |
| **JOSEPHINE COLE** | : | **COMPLAINT** |
| 670 Carlsbad Rd. | : | |
| Cincinnati, Ohio 45240 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **CHRISTOPHER KORLESKI,** | : | |
| **Director, Ohio Environmental** | : | |
| **Protection Agency** | : | |
| 50 West Town St. | : | |
| Suite 700 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant | | |

**I.     INTRODUCTION**

1.  The Sierra Club, including its Ohio chapter, Michael Sinclair, Theresa Cole, and
    Josephine Cole ("Plaintiffs") bring this action under the federal Clean Air Act
    ("CAA"), 42 U.S.C. §7401 *et seq.*, because Defendant Christopher Korleski, in his
    capacity as Director of the Ohio Environmental Protection Agency is circumventing
    Ohio's federally-approved State Implementation Plan ("SIP") and the CAA by
    failing: (a) to enforce and implement provisions of Ohio's SIP that are aimed at
    achieving the National Ambient Air Quality Standards (NAAQS); (b) to comply with
    federal SIP-revision mandates, including but not limited, notice and hearing
    requirements; and, (c) to comply with the federal prohibition against adopting or
    enforcing standards or limitations that are contrary to a state SIP. The Defendant's
    circumvention directly and blatantly violates the CAA, its implementing regulations,
    and the supremacy clause of the United States Constitution.

2.  These violations of CAA and SIP- revision mandates have continued since at least
    December 1, 2006 when the Defendant exempted "less than 10 ton per year" sources
    of certain air pollutants from the federal requirement that such sources install the
    requisite level of air pollution control technology – known as the "best available
    technology" or "BAT" – to reduce air emissions.  As described herein, that exemption
    (hereafter, the "BAT Exemption") has and will continue to permit new and modified
    sources of air pollution to go unregulated, thereby diminishing the quality of air in
    Ohio and the quality of the health and welfare of the public, including the Plaintiffs.

3.  These violations and the threat to health are especially significant in light of the
    substandard quality of the air in Ohio.

2

4.  Plaintiffs bring this suit pursuant to 42 U.S.C. §7604 of the CAA to seek injunctive
    and declaratory relief compelling Defendant to enforce the federally-approved SIP
    aimed at achieving compliance with the NAAQS and curtailing implementation of the
    SIP-violating BAT Exemption described herein.

## II. JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this is a civil action
    arising under the laws of the United States and pursuant to 42 U.S.C. §7604(a) as a
    result of Plaintiffs' claims under the CAA and the Ohio SIP.

6.  Venue is proper in this district pursuant to 28 U.S.C § 1391(b) in that a substantial
    part of the events and/or Defendant's acts or omissions giving rise to Plaintiffs'
    claims occurred within the Southern District of Ohio and pursuant to Local Rule 82.1,
    as Defendant performs his official duties, and therefore resides, at Ohio EPA's central
    office, located in Columbus, Ohio.

## III. PARTIES

7.  The Sierra Club is a non-profit corporation, organized and existing under the laws of
    the State of California, with its principal place of business in San Francisco,
    California. The Sierra Club is a national membership organization with more than
    700,000 members nationwide. The Sierra Club's mission is to protect and enhance
    the quality of the natural and human environment. Its activities include public
    education, advocacy, and litigation to enforce the environmental laws. The Sierra
    Club is organized in state chapters and local groups.

3

8.  The Sierra Club has an Ohio Chapter with over 19,000 members. The Sierra Club's Ohio headquarters is located at 131 N. High St., Suite 605, Columbus, Ohio 45240. The Ohio Chapter of the Sierra Club shares the same mission and performs the activities identified above in Paragraph 7. (The Sierra Club, including its Ohio Chapter, is hereafter referred to as "Plaintiff Sierra Club" or "the Sierra Club").

9.  Plaintiff Sierra Club has an extensive history of grassroots environmental protection in Ohio. Its over 19,000 members operate out of six regional, volunteer-driven Sierra Club groups in Ohio. These groups work on environmental issues in their respective geographic locations. The Sierra Club membership includes those who live, work, and/or attend school in Ohio as well as those who participate in outdoor activities in Ohio such as hiking, biking, running, and photography. Sierra Club members are, therefore, directly affected by the quality of Ohio's air.

10. Plaintiff Sierra Club has an interest in protecting the air in Ohio from pollution that adversely affects the natural and human environment. The BAT Exemption has increased pollution that has and will result from the BAT Exemption and has and will continue to impair the Sierra Club members' ability to use and enjoy the outdoors.

11. Plaintiff Michael Sinclair has resided in Hamilton County, Ohio since 1997 and has resided at property located in Hamilton County, Ohio at 11986 Elmgrove Circle, Cincinnati, 45240 since 1999. Mr. Sinclair also attends school in Hamilton County at the University of Cincinnati. Thus, Mr. Sinclair breathes the air in Hamilton County. Mr. Sinclair suffers from asthma, a condition which is aggravated by poor air quality.

12. Plaintiff Theresa Cole has resided at property located in Hamilton County, Ohio at 670 Carlsbad Rd., Cincinnati, 45240 since 1992. Theresa Cole also works in

4

Hamilton County and has worked in Hamilton County since 2007. Thus, Theresa

Cole breathes the air in Hamilton County. Theresa Cole also suffers from asthma.

13. Plaintiff Josephine Cole has resided at property located in Hamilton County, Ohio at

670 Carlsbad Rd., Cincinnati, 45240 since 1992.    Thus, Josephine Cole breathes the

air in Hamilton County. She also suffers from asthma.

14. Plaintiffs have a cognizable interest in enforcing the CAA and curtailing Ohio EPA's

violations of the CAA.

15.  Defendant Christopher Korleski is the Director of the Ohio EPA, the Ohio

governmental agency charged with protecting the environment and public health by

ensuring compliance with environmental laws, including the CAA.  Ohio EPA is

mandated to establish and enforce (in compliance with federal law) standards for air,

water, waste management and cleanup of sites contaminated with hazardous

substances.

16. Ohio EPA's Central Office is located at 50 West Town St., Suite 700, Columbus,

Ohio 43216-1049.

17. Defendant is a "person" under CAA 42 U.S.C. §7604.

**IV. GENERAL BACKGROUND**

18. The purpose of the CAA is to protect and enhance the quality of the nation's air in

order to protect and promote the public health and welfare and the productive

capacity of the nation's population, as set forth in 42 U.S.C. §7401(b)(1).

19.  Pursuant to CAA, 42 U.S.C. §7401 *et seq.*, the U.S. Environmental Protection

Agency ("U.S. EPA") promulgated NAAQS that are necessary to protect the public

health and welfare.

5

20. The U.S. EPA has promulgated such NAAQS standards for air pollutants for which air quality criteria have been issued. These pollutants include: ozone, particulate matter, carbon monoxide, sulfur dioxide, nitrogen dioxide, and lead.

21. The CAA's regulation of NAAQS pollution demonstrates Congressional recognition of the importance of regulating such pollutants. Such regulation is needed to protect public health, including the health of sensitive populations such as asthmatics, children and the elderly, as well as to protect the public welfare.

22. Section 7410 of the CAA requires the states to submit implementation plans to the U.S. EPA aimed at achieving and maintaining the NAAQS standards.

23. After U.S. EPA's promulgation of the NAAQS, the State of Ohio submitted its proposed SIP to the U.S. EPA for approval.

24. The Ohio SIP was first approved by the U.S. EPA on May 31, 1972 and was incorporated by reference into the Code of Federal Regulations at 40 C.F.R. § 52.1870, thereby becoming enforceable as a matter of federal law.

25. In Ohio, the duty to ensure implementation of the U.S. EPA-approved SIP and the duty to ensure compliance with the NAAQS lies with the Defendant, as set forth in, *inter alia*, Ohio Revised Code ("O.R.C.") §§3704.02, 3704.03, and 3745.01.

26. The federally-approved Ohio SIP requires that *all* sources of "air contaminants" employ the "best available technology" ("BAT") to reduce air emissions.

27. Under the Ohio SIP, "BAT" means "any combination of work practices, raw material specifications, throughput limitations, source design characteristics, an evaluation of the annualized cost per ton of air pollutant removed, and air pollution control devices that have been previously demonstrated to the director of environmental protection to

6

operate satisfactorily in [Ohio] or other states with similar air quality on substantially similar air pollution sources."

28. Before a permit to install ("PTI") may be issued under the federally-approved Ohio SIP, Defendant must determine, pursuant to O.A.C. 3745-31-05(A)(3), that the installation or modification and operation of the air contaminant source will employ BAT.

29. Defendant has historically relied on BAT under the approved SIP in its attempts to demonstrate compliance with the NAAQS and to demonstrate the prevention of significant deterioration of air quality.

30. Ohio's SIP regulates pollution from sources that produce less than 10 tons per year of NAAQS pollution or precursors to NAAQS pollution. In fact, under the federally-approved SIP, Ohio's Minor New Source Review program regulates non-major, smaller sources of air pollution through BAT requirements.

31. The U.S. EPA has recognized the BAT program as integral to Ohio's plan for meeting the NAAQS and for the prevention of significant deterioration of air quality.

32. Under federal regulations, a state must submit any proposed revision of any SIP regulation, along which a detailed justification for each change, to the U.S. EPA for approval no later than 60 days after the regulation's adoption.

33. A state has a duty to enforce all of its existing SIP regulation unless and until a revision to that SIP regulation is approved by U.S. EPA.

34. U.S. EPA can only approve a SIP revision by, *inter alia*, satisfying all applicable public notice and hearing requirements as set forth in 40 C.F.R. §51.102.

7

35. The CAA, 42 U.S.C. §7410(l), prohibits U.S. EPA approval of a SIP revision that would interfere with any applicable requirement of the CAA and reasonable further progress.

36. Further, for Ohio and other areas of the country that have not reached the NAAQS established by U.S. EPA ("non-attainment areas), §7515 of the CAA precludes control requirements in an approved SIP from being modified in any manner unless the modification insures equivalent or greater emission reductions.

37. As detailed herein, Defendant violated these statutory and regulatory provisions by implementing and enforcing the BAT Exemption – an anti-SIP provision – without obtaining U.S. EPA approval and without complying with other SIP revision standards and procedures.

38. The citizen suit provision of the CAA, 42 U.S.C. §7604, authorizes "any person" to commence a civil action against anyone, including a governmental agency, who is alleged to be in violation of any "emission standard or limitation" under this Act", including any requirement to obtain a permit and any requirement in an approved SIP.

39. The BAT requirements of Ohio's approved SIP are emissions standards or limitations under §7604 of the CAA.

40. Plaintiff Sierra Club and the individual Plaintiffs are "persons" under §7604 of the CAA.

## V. DEFENDANT'S ILLEGAL CONDUCT

41. On November 20, 2006, Defendant adopted and promulgated revised O.A.C. §3745-31-05 (see O.A.C. 3745-31-05(A)(3)), the BAT Exemption. The revised rule exempts from BAT requirements all sources that produce less than ten tons per year

of any NAAQS pollutant or pre-cursor. Revised O.A.C. §3745-31-05 became

effective on December 1, 2006.

42. Based on Ohio Revised Code §3704.03(T), the BAT Exemption has been applied to

sources of NAAQS pollution that were installed or modified after August 3, 2006.

43. Ohio EPA failed to submit a SIP revision to U.S. EPA within 60 days after the BAT

exemption's adoption, as required under 40 C.F.R. §51.104.

44. Instead, Ohio EPA waited until January 18, *2008* to attempt to obtain U.S. EPA

approval of the revisions in amended O.A.C. §3745-31-05. This is true

notwithstanding the fact that the submittal that the U.S. EPA received incorrectly

bears a date of January 18, *2007*.

45. When the Defendant finally submitted revised O.A.C. §3745-31-05 to the U.S. EPA a

full year after it was due, the submittal was strikingly incomplete. For a SIP-revision

submittal to be complete, the Ohio EPA Director must provide the factual basis for

his representation that the SIP revision will not interfere with ambient air quality

standards or other applicable requirements. Such factual basis includes, but is not

limited to, air quality modeling and/or other technical information required by federal

regulations.

46. Defendant's BAT exemption submittal failed to include any of the required technical

support information, thereby failing to demonstrate how removing hundreds of multi-

ton sources of NAAQS pollution would and will not adversely impact Ohio air

quality.

9

47. Indeed, in a June 2008 letter to the Chief of Ohio EPA's Division of Air Pollution Control, U.S. EPA notified the Ohio EPA that the January 2008 BAT Exemption submittal was incomplete and could not be processed.

48. Hence, the BAT exemption is not part of Ohio's SIP and, in fact, violates Ohio's SIP.

49. Despite its duty to enforce the SIP Defendant has enforced the anti-SIP BAT Exemption since, at least, December 1, 2006. The Defendant is continuing to enforce the illegal BAT Exemption.

50. Defendant's enforcement of the BAT Exemption in lieu of the existing SIP violates Defendant's duty to ensure adequate implementation of the SIP.

51. Additionally, the BAT Exemption is less stringent than the corresponding provision of Ohio's SIP. As such, Defendant's actions violate 42 U.S.C. §7416 of the CAA, which prohibits a State from adopting or enforcing any emission standard or limitation that is less stringent than the standard or limitation that is in effect under a SIP.

52. Defendant's enforcement of the BAT Exemption without obtaining U.S. EPA approval also violates 42 U.S.C. §7410 and §7515 of the CAA, which contain "antibacksliding" provisions that: (a) prohibit the approval of a SIP revision that would interfere with any applicable requirement of the CAA and (b) require, for nonattainment areas, that control requirements be replaced by measures ensuring equal or greater emissions reductions.

53. Finally, Defendant even failed to comply with basic federal public notice and hearing requirements before implementing and enforcing the BAT Exemption.

## VI. CONSEQUENCES OF DEFENDANT'S CONDUCT

54. Defendant's conduct has resulted in the enforcement of a regulatory provision that substantially reduces the protection of Ohio's air quality by allowing an entire category of NAAQS pollution sources to go unregulated without U.S. EPA approval or public input. Such conduct violates Ohio's SIP.

55. Plaintiffs and the public have been and continue to be adversely affected as a direct result of Defendant's violations.

56. The adverse impact is greater in areas that are non-attainment for ozone and fine particulate matter ($PM_{2.5}$). Many Ohio counties in and around Cleveland, Cincinnati (including Hamilton County), Akron, and Columbus are non-attainment areas for NAAQS pollutants, including at least ozone and fine particulate matter.

57. Plaintiffs Michael Sinclair, Theresa Cole and Josephine Cole are each residents of Hamilton County and each lives in and breathes air in Hamilton County. Further, each suffers from asthma, which is aggravated by poor air quality. As a result of Defendant's illegal revision of the BAT requirements, Plaintiffs Sinclair and Theresa and Josephine Cole will be exposed to additional NAAQS and experience continued and increasing aggravation of their asthma symptoms.

58. Additionally, Defendant's violations have adversely impacted the rights of the public, including the individual Plaintiff and Plaintiff Sierra Club's members, to participate in the rule-making process. Defendant's failure to comply with the CAA's procedural requirements effectively deprived Plaintiffs and the public of notice and the opportunity to be heard as part of the SIP revision process.

11

## VII. NOTICE

59. More than sixty (60) days before the filing of this action under 42 U.S.C. §7604, Plaintiffs gave written notice of the violations alleged herein by letter of May 21, 2008 to the Defendant and all other persons required to be notified pursuant to 42 U.S.C. §7604. This notice was received by the Defendant on or before May 22, 2008, and by all other parties required to be notified no later than May 22, 2008.

60. Neither the Administrator of the U.S. EPA or the State of Ohio is diligently prosecuting any action in a court of the United States or state to require compliance with the standards and limitations sought to be enforced in this action.

## FIRST CLAIM

**Adopting and enforcing requirements less stringent than the existing approved State Implementation Plan and the failure to enforce and implement the State Implementation Plan in violation of the Clean Air Act**

**(Violations of 42 U.S.C. §§7410 and 7416)**

61. Each of the allegations in paragraphs 1 through 60 is incorporated herein by reference.

62. The CAA, 42 U.S.C. §7416, prohibits a State from adopting or enforcing any emission standard or limitation which is less stringent than the standard or limitation that is in effect under an applicable SIP.

63. Defendant's BAT-related requirements are emission standards or limitations under the CAA.

12

64. The BAT Exemption adopted and being enforced by Defendant is an emission standard or limitation that is less stringent than the BAT-related requirements in effect under the federally-approved SIP.

65. Defendant's adoption and enforcement of the BAT Exemption and continuing failure to enforce the more stringent federally-approved SIP violates the prohibition under 42 U.S.C. §7416.

66. Defendant's continuing failure to enforce and implement the more stringent federally-approved SIP also violates Defendant's duties under 42 U.S.C. §7410 to: (a) provide for the regulation of the modification and construction of any stationary source within the areas covered by the SIP as necessary to assure that NAAQS are achieved; and, (b) ensure adequate implementation of the federally-approved SIP.

67. Because of Defendant's violations, Plaintiffs are entitled to the relief requested herein.

## SECOND CLAIM

### Violating anti-back sliding provisions of the Clean Air Act

### (Violations of 42 U.S.C. §§7410(l) and 7515)

68. Each of the allegations in paragraphs 1 through 67 is incorporated herein by reference.

69. Defendant's unauthorized BAT Exemption violates 42 U.S.C. §7410(l).

70. Section 7410(l) of the CAA prohibits U.S. EPA approval of a SIP revision that would interfere with any applicable requirement of the CAA.

13

71. Defendant has failed to demonstrate that that the BAT exemption will comply with
New Source Review program requirements, the NAAQS, the prevention of
significant deterioration, or other applicable requirements under the CAA.

72. Further, in the case of non-attainment areas (such as Hamilton County, Ohio), 42
U.S.C. §7515 of the CAA precludes control requirements in an approved SIP from
being modified in any manner unless the modification insures equivalent or greater
emission reductions.

73. The BAT requirements in Ohio's federally-approved SIP are control requirements
under 42 U.S.C. §7515.

74. Defendant's unapproved modification to Ohio's BAT requirements exempt NAAQS
pollution sources from regulation even in non-attainment areas without insuring
equivalent or greater emission reductions.

75. Defendant's BAT Exemption is particularly alarming considering that Defendant has
made it publically known that numerous Ohio counties fail to meet federal ozone
requirements.  Exempting sources that contribute to ozone is counter to the goal of
addressing those challenges.

## THIRD CLAIM

**Violating Clean Air Act requirements for notice and opportunity to be heard**

**(Violations of 42 U.S.C. §7410(l), 40 C.F.R. §§51.102, and 51.104)**

76. Each of the allegations in paragraphs 1 through 75 is incorporated herein by
reference.

77. Defendant's actions are contrary to the CAA's notice and hearing requirements, as set
forth in 42 U.S.C. §7410(l) and its implementing regulations.

14

78. The CAA and its implementing regulations at 40 C.F.R. §51.104 require Defendant to submit any SIP revision to U.S. EPA for review and approval no later than 60 days after its adoption.

79. U.S. EPA can only approve SIP revisions after the applicable public hearing requirements of 40 C.F.R. §51.102 have been satisfied.

80. 40 C.F.R. §51.102 requires states to provide, *inter alia*, public notice, the opportunity for the public to submit written comments, and the opportunity for the public to request a public hearing.

81. Defendant violated these requirements by failing to submit its BAT Exemption to U.S. EPA within 60 days of its adoption, depriving U.S. EPA of its ability to make a timely and proper completeness determination.

82. Defendant further violated these requirements and circumvented the public process by failing to provide the public, including the Plaintiffs, with the required notice and opportunity to be heard prior to Ohio's implementation of the BAT exemption.

83. Defendant violated the broad remedial purposes of the CAA through its circumvention of the CAA's SIP review process.

84. Because of Defendant's violations, Plaintiffs are entitled to the relief requested herein.

## FOURTH CLAIM

### Failure to submit required technical support for a State Implementation Revision

### (Violations of 40 C.F.R. Part 51, Appendix V)

85. Each of the allegations in paragraphs 1 through 84 is incorporated herein by reference.

86. 40 C.F.R. Part 51, Appendix V lists the minimum criteria for determining whether a SIP submittal or revision is complete enough for EPA to review (a "completeness determination").

87. Section 2.2 of Appendix V sets forth the "technical support" required to be provided with a SIP submittal or revision.

88. Section 2.2 of Appendix V requires states to provide, *inter alia*, a demonstration in a SIP revision request showing "that the national ambient air quality standards, prevention of significant deterioration (PSD) increments, reasonable further progress demonstration, and visibility, as applicable, are protected if the plan is approved and implemented."

89. Defendant has been informed by U.S. EPA on multiple occasions that removing BAT requirements requires such a showing.

90. Defendant failed to meet this technical support criteria by failing to demonstrate how the NAAQS, the prevention of significant deterioration, or other applicable requirements under the CAA would be protected if the BAT exemption were approved and implemented.

91. Specifically, Defendant's SIP submittal was deficient on its face by failing to include air modeling information required by § 2.2(d) and (e) of 40 C.F.R. Part 51, Appendix V.

92. U.S. EPA has determined Defendant's SIP submittal to be deficient.

93. Because of Defendant's violations, Plaintiffs are entitled to the relief requested herein.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that this Court provide the following relief:

A. Issue an Order declaring that the Defendant's conduct violates the Clean Air Act and its implementing regulations aimed at achieving compliance with the NAAQS;

B. Issue an Order declaring that the Defendant's non-enforcement of the U.S. EPA approved SIP provisions requiring best available technology for less than ten sources of NAAQS pollution violates the Clean Air Act and its implementing regulations aimed at achieving compliance with the NAAQS;

C. Issue an Order declaring that the Defendant's failure to implement and enforce the existing U.S. EPA approved SIP violates the Clean Air Act, 42 U.S.C. §7410.

D. Issue an Order declaring that the Defendant's conduct violates the Clean Air Act, 42 U.S.C. §7515.

E. Issue an Order declaring that the Defendant's conduct violates the Clean Air Act, 42 U.S.C. §7416.

F. Issue an Order declaring that the revised unapproved O.A.C. §3745-31-05 (which includes the less than tons BAT Exemption in O.A.C. §3745-31-05 (A)(3)), adopted and promulgated on November 20, 2006, violates the Clean Air Act.

G. Issue an Order declaring that the Ohio State Legislature's August 3, 2006, amendment of Ohio Revised Code §3704.03(F), containing the unapproved less than ten tons BAT Exemption, is preempted by the Clean Air Act.

H. Issue an Order declaring that the Ohio State Legislature's August 3, 2006, amendment of Ohio Revised Code §3704.03(F), containing the unapproved less

17

than ten tons BAT Exemption, is preempted by the Clean Air Act, 42 U.S.C. §7401, et seq, including: (1) §7410(a)(2)(E), requiring states to ensure adequate implementation of the U.S. EPA-approved state implementation plan; (2) § 7515 (ii); and (3) §7416.

I.  Issue an injunction requiring Defendant to implement and enforce O.A.C. §3745-31-05 contained in the U.S. EPA approved Ohio SIP;

J.  Issue an Order enjoining Defendant from further enforcement and implementation of the unapproved, revised O.A.C. §3745-31-05;

K.  Issue an injunction requiring Defendant to continue to enforce the Clean Air Act and its implementing regulations unless and until U.S. EPA has finally approved any properly proposed change to the Ohio SIP based on the requisite showing, which, at a minimum would include:

   (1) providing air modeling and/or other required technical information to demonstrate that any proposed SIP revision will not adversely impact Ohio air quality;

   (2) demonstrating that any proposed SIP revision will comply with New Source Review program requirements, the NAAQS, the prevention of significant deterioration, and other applicable requirements under the Clean Air Act;

   (3) demonstrating, with respect to non-attainment areas, how any proposed SIP revision would ensure equivalent or greater emission reductions; and,

   (4) providing the requisite public notice and opportunity to be heard;

L.  Issue an Order requiring Defendant to comply with all other applicable statutory and regulatory SIP-revision requirements;

M. Award Plaintiffs reasonable litigation costs, including attorney fees and expert witness fees; and,

N. Award such other relief as may be necessary, just or appropriate under the circumstances.

Respectfully Submitted,

_____

D. David Altman (0021457)
Brett A. Kravitz (0069101)
Justin D. Newman (0080968)
Amy J. Leonard (0040611)
Amy M. Hartford (0074836)
D. DAVID ALTMAN CO., L.P.A.
15 East 8th Street, Suite 200W
Cincinnati, Ohio 45202
(513) 721-2180 (telephone)
(513) 721-2299 (fax)
daltman@one.net (email)

Trial Attorneys for the Plaintiffs