IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sierra Club, *et al.*,  :

        Plaintiffs    :   Civil Action 2:08-cv-865

  v.    :

Christopher Korleski, Director of    :   Magistrate Judge Abel
Ohio EPA,
   :
        Defendant

**ORDER**

This matter is before the Court on defendant Christopher Korleski's November 17, 2008 motion to dismiss the complaint for failure to state a claim upon which relief may be granted, or, in the alternative, to dismiss or stay under principles of abstention (doc. 4).

**I. Allegations in the Complaint**

This action is brought under the Federal Clean Water Act, 42 U.S.C. §7401, *et seq.* The complaint makes the following allegations. In November 2006, the Ohio EPA adopted revised Ohio Adm. Code § 3745-31-05, which exempts all sources that produce less than ten tons per year of any National Ambient Air Quality Standards ("NAASQS") pollutant or pre-cursor from Ohio's State Implementation Plan ("SIP") requirement that all sources of air contaminants employ the best available technology ("BAT") to reduce

1

air emissions. The Ohio EPA began enforcing the new BAT exemption effective December 1, 2006, but failed to submit a SIP revision to U.S. EPA within 60 days after the BAT exemptions adoption. It did not submit revised Ohio Adm. Code § 3745-31-05 to the U.S. EPA for approval until January 18, 2008. In June 2008, U.S. EPA advised Ohio EPA that the January 2008 submission was incomplete and could not be processed. Ohio EPA continues to enforce the BAT exemption.

The complaint pleads the following causes of action: (1) Ohio EPA's adoption and enforcement of Ohio Adm. Code § 3745-31-05, which contains less stringent requirements than Ohio's SIP violates 42 U.S.C. §§ 7410 and 7416; (2) the BAT exemption violates the anti-backsliding provisions of the Clean Air Act, 42 U.S.C. §§ 7410(a) and 7515; (3) Ohio EPA's failure to timely request a modification of its SIP violated the Clean Water Act's notice and opportunity to be heard provisions, 42 U.S.C. § 7410(l), 40 C.F.R. §§ 51.102 and 51.104; and (4) Ohio EPA failed to satisfy the requirement of 40 C.F.R. Part 51, Appendix that it submit "technical support" for modification of its SIP.

## II.     Arguments of the Parties

### A.     Defendant Christopher Korleski

Defendant argues that the Clean Air Act only permits citizen suits to enforce an "emission standard or limitation" or orders from U.S. EPA Administrator. Ohio EPA cannot have violated the only "emission standard or limitation" that plaintiffs claim in the complaint. Defendants maintain that the only emission standard or limitation cited

2

in the complaint is the BAT standard in Ohio's currently approved SIP. Defendant argues that counts two through four of the complaint fail to specify whether or how the Clear Air Act provisions governing SIP revision procedures qualify as an emission limitation or standard under 42 U.S.C. § 7604(f).

Defendant argues that a revised regulation in a pending SIP revision proposal cannot constitute a "violation" enforceable by citizen suit. The BAT standard in Ohio's currently approved SIP does not invalidate the pending SIP revision that Ohio EPA has proposed. According to defendant, plaintiff does not allege that Ohio EPA is violating the BAT standard directly through non-compliance; instead, the complaint alleges a violation due to the BAT standard's lack of inclusion in the SIP.

Defendant maintains that the Clean Air Act and the corresponding federal regulations require states to adopt revised regulations as enforceable law before submitting them as SIP revisions for federal approval.

In the alternative, defendant argues that the complaint should be dismissed under the doctrine of abstention. Defendant argues that federal review would disrupt plaintiffs' pending challenge before ERAC, a state-created forum with specialized competence constituting an important part of the regulatory scheme that Ohio employs to address challenges to decision-making by Ohio EPA. Under *Burford v. Sun Oil Co.*, 319 U.S. 315, abstention is appropriate when the exercise of federal review of the question in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *New Orleans Pub. Serv., Inc. v. Council of*

*New Orleans*, 419 U.S. 350, 361 (1989). The Sixth Circuit has "adhered to the policy of non-interference in state administrative matters." *Ada-Cascade Watch Co. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 903 (6th Cir. 1983). *Burford* abstention is justified when the presence of a complex state regulatory scheme would be disrupted by federal review and a state-created forum with specialized competence in the particular area exists. Defendant maintains that the Sixth Circuit has applied the *Burford* abstention doctrine to citizen suits seeking enforcement of federal environmental laws, including the Clean Air Act. Defendants argue that federal review would disrupt Ohio's broad statutory scheme for addressing air pollution and that the administrative proceedings feature a forum with particularized competence in environmental issues.

    **B.**  **Plaintiffs Sierra Club, Michael Sinclair, Theresa Cole,**
       **and Josephine Cole**

Plaintiffs assert that since at least December 1, 2006, in violation of the Clean Air Act, the Ohio EPA Director exempted new and modified sources of less than 10 tons per year of NAAQS pollutants from the federal requirement that such sources install the BAT to reduce air emissions. Plaintiffs allege that the Director has breached his duty to enforce the BAT program and failed to follow the mandatory SIP revision procedure.

Plaintiffs argue, pursuant to the Clean Air Act, that (1) BAT is an emission standard or limitation, as defined by the Act; (2) the Director has a duty to enforce the federally-approved SIP; and, (3) the Director has violated and continues to violate an

emission standard or limitation by failing to enforce the BAT requirements in the approved Ohio SIP.

According to plaintiffs, BAT requirements satisfy the statutory definition of a "limitation. . . established . . . under . . .[t]he applicable State implementation plan approved by the Administrator." 42 U.S.C. § 7604(f)(4). Plaintiffs further argue that the Director has a duty not to enforce or adopt any emission standard or limitation that is less stringent than an emission standard or limitation in effect under an approved implementation plan. The Director also has a duty to ensure adequate implementation in effect under an approved implementation plan under 42 U.S.C. § 7410(a)(2)(E). Plaintiffs rely on *United States v. Ford Motor Co.*, 814 F.2d 1099 (6th Cir. 1987) for the proposition that once a state SIP has been approved, the state is without power to revise or repeal its provisions without the approval of the U.S. EPA. Plaintiffs contend that federal courts have repeatedly held that the state agencies violate the Clean Air Act by breaching their duty to implement or enforce provisions of an approved SIP and that citizens can brings suit for such violations.

Plaintiffs argue that courts have rejected the notion that the Director is excused from enforcing a federally-approved SIP because of a pending proposed revision. Here, the Director has still failed to submit a proper revision proposal. Even if a properly submitted revision was pending, however, the Director has violated and continues to violate the Act by failing to enforce the BAT against less than ten ton NAAQS sources as the approved SIP requires. An existing SIP remains fully enforceable until a revision or

5

variance is approved by both the state and the U.S. EPA. Passage of a statute by the Ohio General Assembly does not excuse Ohio EPA's violations of the Clean Air Act.

Plaintiffs also argue that defendant misconstrues the jurisdictional requirements of a citizen suit by asserting that each count must state an emission standard or limitation violation. Plaintiffs' counts 2, 3, and 4 of the complaint state different legal theories upon which this Court could grant relief for defendant's violations of the BAT emission standards or violations. Furthermore, the BAT violations in count 1 are incorporated into and intertwined with counts 2 through 4. Additionally, counts 2 and 4 allege additional emissions standards or limitations being violated by the Director. The abandonment of the BAT program violates the anti-backsliding provisions pursuant to 42 U.S.C. § 7515. Court 4 asserts that the Director is required to submit technical support to U.S. EPA with a proposed SIP revision. Ohio EPA failed to gather the required technical support with 60 days after the adoption of the regulation.

Finally, plaintiffs argue that *Burford* abstention is inappropriate. According to plaintiffs, *Burford* abstention is improper because timely and adequate state court review of plaintiffs' Clean Air Act claims, a prerequisite for *Burford* abstention, is not available, and, even if it were, the Director has failed to show that this case presents and "difficult question of state law" or that federal review is otherwise improper. Plaintiffs also maintain that abstention is inappropriate because this case involves no state claims, and there has been no showing that the federal claims are entangled in a "skein" of state law that must be untangled before the federal case can proceed. Plaintiffs further argue

6

that federal review in this case would not disrupt Ohio's efforts to establish a coherent policy. This case is not a collateral attack on a state permitting decision, as in the majority of the cases relied upon by defendant.

**III.     Discussion**

Defendant argues that the Clean Air Action only permits citizen suits to enforce an "emission standard or limitation" or orders from U.S. EPA Administrator. Under the Clean Air Act, an "emission standard or limitation" is defined as:

> (1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard . . . [or]
>
> (4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.
>
> which is in effect under this chapter (including a requirement applicable by reason of section 7418 of this title) or under an applicable implementation plan.

42 U.S.C. § 7604(f)(1),(4). Because BAT requirements fall within the definition of a "a standard of performance. . . which is in effect under an applicable implementation plan," BAT requirements are emission standards or limitations under the Act. 42 U.S.C. § 7604(f)(1).

Defendant also argues that a revised regulation in a pending SIP revision proposal cannot constitute a "violation" enforceable by citizen suit. Defendant mischaracterizes plaintiffs' allegations. The U.S. EPA has not yet adopted Ohio's SIP

7

revision proposal. Until that occurs, the state continues to operate under the existing SIP. Furthermore, the Director has a duty not to enforce or adopt any emission standard or limitation that is less stringent than an emission standard or limitation under effect under an approved implementation plan. 42 U.S.C. § 7416.

Defendant argues that the Clean Air Act and the corresponding federal regulations require states to adopt revised regulations as enforceable law before submitting them as SIP revisions for federal approval. Section 7410 of title 42 of the United States Code provides in pertinent part:

> (2) Each implementation plan submitted by a State under this chapter shall be adopted by the State after reasonable notice and public hearing. Each such plan shall--
> (A) *include enforceable emission limitations* and other control measures, means, or techniques (including economic incentives such as fees, marketable permits, and auctions of emissions rights), as well as schedules and timetables for compliance, as may be necessary or appropriate to meet the applicable requirements of this chapter. . . .

42 U.S.C. § 7410(a)(2)(A) (emphasis added). The regulations require a SIP revision submission contain "[a] copy of the actual regulation . . . signed, stamped and dated by the appropriate State official indicating that *it is fully enforceable* by the State." 40 C.F.R. Part 51, App. V, 2.1(d) (emphasis added). Defendant reading of the statute and regulation is unsupported. While it is accurate that the proposed SIP revision be *enforceable*, that does not mean that the state must be presently *enforcing* the revision. Rather, the state must demonstrate that the SIP revision has properly been adopted in order to show that it has the necessary state authority to adopt and implement such

8

plan. Sixth Circuit case law supports this conclusion. "If a plan became unenforceable every time such a revision became a possibility, the entire enforcement procedure of the Clean Air Act would be crippled. *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 398 (6th Cir. 1977).

Defendants further argue that abstention is proper under the *Burford* doctrine. The *Burford* doctrine requires abstention where there are difficult and important questions of state law involved that may exceed the importance of the federal lawsuit or where the exercise of federal jurisdiction would be disruptive to a state's attempts to establish a coherent policy with respect to a matter of substantial public concern. The purpose of *Burford* abstention is "to avoid meddling in complex regulatory matters in which federal issues can be addressed at the administrative level where the expertise lies to develop a record and to consider important local policies." *Monongahela Power Co. v. Schriber*, 322 F. Supp. 2d 902, 915 (S.D. Ohio 2005) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).

Here, there is no issue of state law requiring resolution. Plaintiffs assert that defendant is obligated to continue enforcing the SIP rather than the proposed SIP that has yet to be adopted by the EPA. This issue turns on federal law and does not concern a disputed issue of state law. Under these circumstances, *Burford* abstention is not appropriate.

## IV. Conclusion

For the reasons stated above, defendant Christopher Korleski's November 17, 2008 motion to dismiss the complaint for failure to state a claim upon which relief may be granted, or, in the alternative, to dismiss or stay under principles of abstention (doc. 4) is DENIED.

s/ Mark R. Abel  
United States Magistrate Judge