# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SIERRA CLUB, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 2:08 cv 865 |
| v. : | |
| : | Magistrate Judge Mark R. Abel |
| CHRISTOPHER KORLESKI : | |
| Director, Ohio Environmental : | |
| Protection Agency, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF AMICI CURIAE OHIO CHAMBER OF COMMERCE, THE OHIO CHEMISTRY TECHNOLOGY COUNCIL, AND THE OHIO MANUFACTURERS' ASSOCIATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFFS' MOTION FOR <u>PARTIAL SUMMARY JUDGMENT</u>**

Amici curiae the Ohio Chamber or Commerce, the Ohio Chemistry Technology Council, and the Ohio Manufacturer's Association file this memorandum in opposition to Plaintiffs' Motion for Reconsideration and Reversal of Interlocutory Order Denying Plaintiffs' Motion for Partial Summary Judgment on Count One (Document 64). Plaintiffs do not offer a sound basis for reversing the order, and the motion should therefore be denied.

Plaintiffs have altered their prior arguments to some degree, but still fail to establish that their claim that the Director's alleged failure to enforce a provision in Ohio's State Implementation Plan ("SIP") is a "violation" of an "emission standard or limitation", as is necessary to state a viable claim under 42 U.S.C. Section 7604(a)(1). Plaintiffs depart from their prior argument that the best available technology ("BAT") requirement in the SIP is an "emission standard or limitation" under Section 7604(a)(1), and that the Director "violates" that requirement by failing to enforce it against air contaminant sources emitting less that ten tons of a pollutant per year. Plaintiffs now argue that the "emission standard or limitation" is not BAT

itself, but rather the Director's "commitment" in the SIP to enforce BAT. Thus, the failure to perform that "commitment" is a "violation" of an "emissions standard or limitation" actionable under Section 7604(a)(1).

This strained argument is no more grounded in the text of Section 7604(a)(1) than Plaintiffs' prior argument equating "violate" with "failure to enforce". Assuming for purposes of argument that the SIP contains a "commitment" by the Director to enforce BAT against small sources as posited by Plaintiffs, Plaintiffs' argument nonetheless fails because Section 7604(a)(1) contains no language regarding a State's violation of a "commitment" to enforce an "emission standard or limitation". Rather, it refers only to violation of an "emission standard or limitation" itself, which, as the Court correctly concluded, can only be done by the operator of an air contaminant source. Thus, Plaintiffs' new argument is as great a strain on the text of Section 7604(a)(1) as was their prior argument, and should also be rejected.

Plaintiffs' heavy reliance on the definition of "emission standard or limitation" in Section 7604(f) is also misplaced. That definition does not support Plaintiffs' argument that a State's "commitment" to enforce a standard or limitation on a source's emission of air contaminants is itself such a standard or limitation. That paragraph defines "emission standard or limitation" to mean:

> (1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard,
>
> (2) a control or prohibition respecting a motor vehicle fuel or fuel additive, or
>
> (3) any condition or requirement of a permit under part C of subchapter I of this chapter (relating to significant deterioration of air quality) or part D of subchapter I of this chapter (relating to nonattainment),, section 7419 of this title (relating to primary nonferrous smelter orders), any condition or requirement under an applicable implementation plan relating to transportation control measures, air quality maintenance plans, vehicle inspection and maintenance programs or vapor recovery requirements, section 7545(e) and (f) of this title (relating to fuels and fuel additives), section 7491 of

> this title (relating to visibility protection), any condition or requirement under subchapter VI of this chapter (relating to ozone protection), or any requirement under section 7411 or 7412 of this title (without regard to whether such requirement is expressed as an emission standard or otherwise); or,
>
> (4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.
>
> which is in effect under this chapter (including a requirement applicable by reason of section 7418 of this title) or under an applicable implementation plan.

This lengthy definition includes many requirements limiting the emission of pollutants by air contaminant sources, but no text appears that includes a State's "commitment" to enforce the requirements. Clearly, Congress intended the phrase "emission standard or limitation" to have its ordinary and natural meaning of standards or limitations applicable to an air contaminant source that require the source to confine its emissions to certain defined levels. As the Court correctly concluded, only a source can "violate" such a "standard or limitation", not a State enforcement officer.

Plaintiffs rely most heavily on language in (f)(4), arguing that the Director's "commitment" to enforce BAT is "any other standard . . . under any applicable State implementation plan." But this argument takes that language out of context, and ignores significant language that limits its scope. The full language is "any other standard, limitation or schedule established *under any permit* issued pursuant to subchapter V of this chapter *or under any applicable State implementation plan* approved by the Administrator, *any permit term or condition, and any requirement to obtain a permit as a condition of operations*." (Emphasis added.) The emphasized language makes clear that the purpose of (f)(4) is to bring into the definition requirements appearing *in permits* issued under subchapter V or issued by a State

3

under its SIP.  Those requirements, of course, apply only to the holder of the permits, i.e., the operator of the air contaminant source.  Again, only a source operator can "violate" requirements in such permits, not a State that issues the permit.

Plaintiffs also argue that the Director's "commitment" to enforce BAT is a "limitation" on "Ohio EPA's issuance of permits to air contaminant sources", Memorandum, at 6, and thus a "violation" of that commitment is a violation of an "emission standard or limitation".  This argument that severs the word "limitation" from the preceding words "emission standard or" in the phrase should also be rejected as unsound.  The phrase "emission standard or limitation" is most naturally read such that the word "emission" applies both to the word "standard" and to the word "limitation", such that the phrase is read to mean emission standard or emission limitation.  Thus, a "limitation" on the Director in processing permit applications is not within the scope of that phrase.  The lengthy definition of "emission standard or limitation" in Section 7604(f) is consistent with the most natural reading of that phrase, for nothing in the definition supports reading "limitation" as anything other than a limit on the amount of pollutants a source can emit.  Again, Plaintiffs struggle mightily to fit their square peg of an argument into the round hole of the statutory text, but ultimately fail.

Plaintiffs also cite case decisions and USEPA legal briefs that support their argument.  The Court, however, took note of the cases in its prior decision, and correctly concluded that they were erroneously decided.  None of the decisions, and certainly not USEPA's flawed legal arguments, are binding on the Court, and all should be again rejected as contrary to the ordinary and natural meaning of the text of the statute.

The Court should therefore deny Plaintiffs' motion for reconsideration.

        Respectfully submitted,

        /s/ David E. Northrop
        James B. Hadden (0059315)
        Robert L. Brubaker (0023024)
        David E. Northrop (0001804)
        PORTER, WRIGHT, MORRIS & ARTHUR
        41 S. High St., Suite 2900
        Columbus, Ohio 43215
        (614) 227-2072

        Attorneys for Amici Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2009, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

D. David Altman
D. David Altman Co., LPA
15 East 8th Street, Suite 200W
Cincinnati, Ohio 45202

Gregg Bachmann
Assistant Attorney General
Environmental Enforcement Section
25th Floor, 30 E. Broad St.
Columbus, Ohio 43215

        /s/ David E. Northrop
        David E. Northrop