IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sierra Club, *et al.*,                    :

        Plaintiffs               :        Civil Action 2:08-cv-865

v.                                        :

Christopher Korleski, Director of         :        Magistrate Judge Abel
Ohio EPA,
                                          :
        Defendant


**ORDER**

On July 29, 2009, the Court denied plaintiff's motion for partial summary judgment. *See* doc. 55. The Order held that 42 U.S.C. § 7604(a)(1) does not authorize citizen suits against the state as a regulator who failed to enforce the Clear Air Act. This matter is before the Court on plaintiffs' September 23, 2009 motion for reconsideration and reversal of the interlocutory order denying plaintiffs' motion for partial summary judgment on count one (doc. 64).

    **I.**    **Allegations in the Complaint**

This action is brought under the Federal Clean Air Act, 42 U.S.C. §7401, *et seq.* The complaint makes the following allegations. In November 2006, the Ohio EPA adopted revised Ohio Adm. Code § 3745-31-05, which exempts all sources that produce less than 10 tons per year of any National Ambient Air Quality Standards ("NAAQS") pollutant or pre-cursor from Ohio's State Implementation Plan ("SIP") requirement that

all sources of air contaminants employ the best available technology ("BAT") to reduce air emissions. The Ohio EPA began enforcing the new BAT exemption effective December 1, 2006, but failed to submit a SIP revision to U.S. EPA within 60 days after the BAT exemptions adoption. It did not submit revised Ohio Adm. Code § 3745-31-05 to the U.S. EPA for approval until January 18, 2008. In June 2008, U.S. EPA advised Ohio EPA that the January 2008 submission was incomplete and could not be processed. Ohio EPA continues to enforce the BAT exemption.

The complaint pleads the following causes of action: (1) Ohio EPA's adoption and enforcement of Ohio Adm. Code § 3745-31-05, which contains less stringent requirements than Ohio's SIP violates 42 U.S.C. §§ 7410 and 7416; (2) the BAT exemption violates the anti-backsliding provisions of the Clean Air Act, 42 U.S.C. §§ 7410(a) and 7515; (3) Ohio EPA's failure to timely request a modification of its SIP violated the Clean Air Act's notice and opportunity to be heard provisions, 42 U.S.C. § 7410(l), 40 C.F.R. §§ 51.102 and 51.104; and (4) Ohio EPA failed to satisfy the requirement of 40 C.F.R. Part 51, Appendix that it submit "technical support" for modification of its SIP.

**II.    Question for Decision**

Section 7604(a)(1)(A) authorizes citizens' suits "against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency . . . who is alleged to have violated . . . an emission standard . . . ." The category of persons who can be sued under the subsection are *anyone who violated an emission standard*. The July

29, 2009 Order held that § 7604(a)(1)(A) authorizes citizen suits against a state or local government only as polluters who violate an emission standard, not as regulators who fail to enforce an emission standard. Plaintiffs' motion to reconsider argues that the Court erred in rejecting their reading that § 7604(a)(1)(A) permits citizen suits against state regulators for failing to enforce an emission standard or limitation. They assert that SIP commitments are emission standards or limitations. Plaintiffs argue that properly read, § 7604(a)(1)(A) permits a citizen suit against a state government regulator who violates (breaches) a SIP commitment by failing to enforce it.

My decision relied on the reading of § 7604(a)(1)(A) in *Citizens Association of Georgetown v. Washington,* 535 F.2d 1318, 1320-22 (D.C. Cir. 1976). It rejected the argument that the 1977 amendments to the Act, which added § 7604(f)(4) that defined the term "emission standard or limitation," changed how § 7604(a)(1) should be read. The July 29 decision asserted that the ordinary and natural meaning of "violate[ ] an emission standard" did not include an agency's violation of its duty to enforce an emission standard, that only a polluter "violates" an emissions standard. The legislative history of § 7604(a)(1)(A) lends support to that reading. The decision further argued that the structure of the Act supported that interpretation because it ensures that states meet their obligation to enforce SIPs and other provisions of the Act, 42 U.S.C. § 7410(a)(2)(E), by giving the U.S. EPA Administrator the power to sanction a State for noncompliance. 42 U.S.C. § 7509(a)(4). Finally, the decision asserted that the reading was consistent with § 7604(a)(2), which authorizes citizen suits against the U.S. EPA

3

Administrator for "failure . . . to perform any act or duty under this chapter which is not discretionary with the Administrator . . . ." Had Congress wanted to permit citizen suits against state regulators for violating a duty to enforce the Act, it would have included state agencies in § 7604(a)(2).

The July 29 decision recognized that no other court has ever followed *Citizens Association of Georgetown* and that many decision have assumed that § 7604(a)(1)(A) permits citizen suits against governmental regulators who fail to enforce emission standards. Plaintiffs' motion to reconsider argues that the US EPA has consistently interpreted § 7604(a)(1)(A) to permit citizen suits against governmental regulators who fail to enforce emission standards. They assert that the plain language of § 7604(a)(1)(A) permits suits against any person who violates an emission standard or limitation and the case law includes within the term emission standard or limitation commitments that states make in their SIPs. They argue that the restrictive construction in the July 29 decision is contrary to the US EPA's reading of § 7604(a)(1)(A) and not warranted by the case law and legislative history.

### III. Arguments of the Parties

#### A. Plaintiffs Sierra Club, Michael Sinclair, Theresa Cole, and Josephine Cole

Plaintiffs maintain that for over 30 years, the Director made a commitment in the Ohio SIP to use the BAT program for Ohio's air pollution sources. The United States EPA found the BAT program to be integral to Ohio's SIP. This SIP commitment is a

federally-approved plan, and the Director cannot legally abandon the commitment without express federal approval.

Plaintiff argues that the Court should reverse its July 29, 2009 Order in light of the uniformity and weight of authority on citizen suit enforceability of SIP commitments.  The EPA regards a state's SIP commitments to be enforceable through citizen suits and has consistently notified the public of this in the Federal Register.

According to plaintiffs, the Director's commitment to make the determination that all sources in Ohio will employ BAT is an emission standard or limitation under the CAA. The plain language of the citizen suit provision allows suits against any person who violates an emission standard or limitation, which is defined by case law to include commitments that states make in their SIPs.  The Director's SIP commitment to make BAT determinations sets forth a "standard" for and "limitation" upon the Ohio EPA's issuance of permits to air contaminant sources and meets the statutory definition for an "emission standard or limitation":

> For purposes of this section, the term "emission standard or limitation under this chapter" means--
>
> . . .
>
> (4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.

>which is in effect under this chapter (including a requirement applicable by reason of section 7418 of this title) or under an applicable implementation plan.

42 U.S.C. § 7604. According to plaintiffs, the Director's permitting process in the federally-approved Ohio SIP is a standard or limitation under an applicable State implementation program. As a result, a failure to enforce SIP permitting requirements violates a standard under the Ohio SIP.

Plaintiffs also argue that sanctions pursuant to 42 U.S.C. § 7509 are not the exclusive means to ensure that states adhere to their SIP commitments.

Plaintiffs further argue that under principles of statutory construction, the 1970 CAA legislative history should not be used to limit the plain meaning of the citizen suit provision. Subsection 7604(f)(3) was added in 1990, and relying on the 1970 legislative history to determine the meaning of the 1990 amendments is improper.

Plaintiff contends that the additions of (f)(3) in 1977 and (f)(4) in 1990 change how 42 U.S.C. § 7604(a)(1)(A) should be read. By broadening the scope of the definition of an "emission standard or limitation under this chapter, " Congress increased the scope of what citizens could enforce under (a)(1)(A). Because claims under 42 U.S.C. § 42 U.S.C. 7604(a)(1)(A) can only be brought for violations of emission standards or limiations, increasing the scope of what meets the definition of emission standard or limitation would necessarily increase the scope of what citizens could enforce under (a)(1)(A). As a result, plaintiffs maintain that relying on the original 1970 legislative history was clear error.

Plaintiffs contend that the EPA's interpretation is entitled to *Skidmore/Mead* deference in light of the agency's unquestioned expertise in SIP approval/enforcement, the consistency of the agency's interpretation, and the persuasiveness of the agency's position.

### B. Defendant Christopher Korleski

Defendant maintains that plaintiffs' motion for reconsideration should be denied because they have failed to satisfy the high burden for justifying reconsideration. Plaintiffs have not shown that exceptional circumstances warrant reconsideration of the Court's order. There is no need to correct a "clear error" or "manifest injustice." Defendant also maintains that there has been no intervening change of law or new evidence. Defendant argues that plaintiffs' motion is a second motion for summary judgment, rather than a motion for reconsideration. Although plaintiffs have attached exhibits that were not previously before the Court, they have not shown that these exhibits were previously unavailable. Defendant argues that evidence is not "new" if it could have and should been filed with the original motion.

Defendant also argues that the Court correctly concluded that citizen suit provision of the Clean Air Act can only be brought against the state in its capacity as a polluter based on the statutory language, context, and legislative history. The Court's reading of section 7604(a) comports with the plain language of the statue, and plaintiff's reading of it would render subsection 7604(a)(2) meaningless. Defendant maintains that the presence of section 7604(a)(2) contradicts the expansive construction of section

7604(a)(1) that plaintiffs propose, and plaintiffs fail to adequately harmonize these two provisions. Defendant also contends that the textual and structural analysis of the citizen suit provision is consistent with uncontradicted legislative history.

Defendant further argues that the interpretations of section 7604(a) presented in plaintiffs' exhibits merit no deference under the *Chevron/Mead* framework. Because section 7604(a) is unambiguous, any agency interpretation is irrelevant. Even if the Court had found section 7604(a) ambiguous, federal courts have declined to accord any deference to interpretations of citizen suit provisions by the EPA.

### C. Amici Curiae the Ohio Chamber of Commerce, Ohio Chemistry Technology Council, and the Ohio Manufacturer's Association

The Ohio Chamber of Commerce, the Ohio Chemistry Technology Council, and the Ohio Manufacturers' Association ("amici curiae") filed a brief opposing plaintiffs' motion for reconsideration. Amici curiae maintain that plaintiffs' reliance on the definition of an "emission standard or limitation" in section 7604(f) is misplaced because that definition does not support plaintiffs' argument that a State's commitment to enforce a standard or limitation on a source's emission of air contaminants is itself such a standard or limitation. The definition makes no mention of a State's "commitment" to enforce the requirements, and Congress intended the phrase, "emission standard or limitation," to have its ordinary and natural meaning.

With respect to section 7604(f)(4), amici curiae argue that plaintiffs take the statutory language out of context and ignore significant language limiting its scope. The full language states:

> any other standard, limitation, or schedule established *under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations*.

42 U.S.C. § 7604(f)(4) (Emphasis added.) According to amici curiae, the emphasized language makes clear that the purpose of (f)(4) is to bring into the definition requirements concerning permits issued under subchapter V or issued by a State under its SIP. Those requirements only apply to the holder of the permits, i.e., the operator of the air contaminant source.

## IV. Motion to Reconsider

A district court's power to reconsider an interlocutory order exists under federal common law and Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Reconsidering interlocutory orders is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. Here, plaintiffs maintain that justice requires reconsideration because of the Court committed a clear error of law. Plaintiffs point to Sixth Circuit case law, Federal Register Notices and legal briefs of the EPA to support their position.

### IV.     Discussion

On May 31, 1972, the Ohio SIP was first approved by the U.S. EPA and incorporated by reference into the Code of Federal Regulations at 40 C.F.R. § 52.1870. The federally approved Ohio SIP includes the requirement that new or modified air contaminant sources employ BAT to reduce air emissions. Under the federally-approved Ohio SIP, BAT is required for new or modified sources that have the potential to emit less than 10 tons per year of NAAQS pollution or precursors to NAAQS pollution. Before a permit to install may be issued under the federally-approved SIP, the Director must determine that the installation or modification and operation of the air contaminant source will employ BAT.

On August 3, 2006, the Ohio General Assembly passed amended Ohio Revised Code § 3704.03, which exempted new and modified under 10 ton sources of NAAQS pollution from BAT requirements. On November 20, 2006, Ohio EPA promulgated revised Ohio Administrative Code § 3745-31-05(A)(3), which exempted new or modified sources that have the potential to emit less than 10 tons per year of NAAQS pollution or precursors to NAAQS pollution from employing BAT requirements. The BAT exemption became effective December 1, 2006. The Director ceased enforcing and implementing the BAT requirements against new or modified sources that emit less than 10 tons per year without obtaining federal approval.

Ohio did not submit revised Ohio Adm. Code § 3745-31-05 to the U.S. EPA for approval until January 18, 2008. On June 5, 2008, the U.S. EPA concluded that the

Director's proposed SIP revision was incomplete, and it could not process the incomplete submittal.

> Section 7604(a) of title 42 of the United States Code states:
>
> a) Authority to bring civil action; jurisdiction
> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf--
> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation,
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator, or
> (3) against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I of this chapter (relating to significant deterioration of air quality) or part D of subchapter I of this chapter (relating to nonattainment) or who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit.

42 U.S.C. § 7604(a). This Court previously held that there is no cause of action under § 7604(a)(1) against a state or local government for failing to enforce provisions of the Clean Air Act. The Order stated:

> The Court is required to give the words in a statute their ordinary and natural meaning. *Limited, Inc.*, 286 F.3d at 333. Section 7604(a)(1) authorizes citizens' suits "against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency . . . who is alleged to have violated . . . an emission standard . . . ." The category of persons who can be sued under the subsection are *anyone who violated an emission standard.* As plaintiffs argue, a state violates federal law when it fails to enforce a SIP. But does it "violate" an emission standard? As far as

11

>a state or local governmental entity is concerned, is there a difference in the language of § 7604(a)(1) between violating federal law by failing to enforce an emission standard and violating an emission standard? My reading of the legislative history, § 7604(a)(2), and the structure of the Act suggests that there is.
>
>>To my ear, saying that a governmental agency "violates" an emission standard when it fails to enforce it is awkward. It is more natural to say that the agency violated its duty to enforce the law (perform its regulatory function), than that it violated the provision it failed to enforce. So while there is a "breach" of the law, it is not a breach of the emission standard but the duty under 42 U.S.C. §§ 7407(a) and 7410(a)(2)(E) to enforce the Clean Air Act. The legislative history supports that reading of § 7604(a)(1), since Senator Muskie and Congressman Staggers both asserted that the subsection permitted suits against polluters.
>
>>Next, the structure of the Act supports limiting § 7604(a)(1) citizen suits to actions against polluters. As defendant argues, the Act encourages the "development of cooperative Federal, State, regional, and local programs to prevent and control air pollution." 42 U.S.C. § 7401(a)(3), (4). States are responsible for implementing and maintaining SIPs, 42 U.S.C. § 7407(a). The Act ensures that states meet their obligation to enforce the SIPs and other provisions of the Act, 42 U.S.C. § 7410(a)(2)(E), by giving the U.S. EPA Administrator the power to sanction a State for noncompliance. 42 U.S.C. § 7509(a)(4).
>
>>Finally, § 7604(a)(2) authorizes citizen suits against the U.S. EPA Administrator for "failure . . . to perform any act or duty under this chapter which is not discretionary with the Administrator . . . ." Thus, suits against the Administrator as regulator are authorized by this subsection, which would not be necessary if suits against the Administrator for failure to enforce the Act or regulations implementing it was authorized by § 7604(a)(1).

While as a matter of first impression I continue to believe that the natural and plain meaning of § 7604(a)(1) does not include a state that refuses to perform its duty to enforce a SIP emission standard or limitation as a person who "violates . . . an emission standard or limitation," I now believe I am required by the Sixth Circuit's decision in *United States v. Ohio Department of Highway Safety*, 635 F.2d 1195 (1980) to so hold.

In *Department of Highway Safety*, the US EPA sued the Ohio Department of Highway Safety under 42 U.S.C. § 7413(a)(1) to order the Department to enforce an Ohio Clean Air Act SIP that required it to withhold registration from vehicles which did not pass emission inspection. The issue was whether there was a direct right of action against the state under § 7413(a)(1) for failure to enforce a SIP or whether its only remedy was to sue the state under § 7413(a)(2). The statute provides:

> § 7413. Federal enforcement
> (a) In general
>    (1) Order to comply with SIP
>    Whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator shall notify the person and the State in which the plan applies of such finding. At any time after the expiration of 30 days following the date on which such notice of a violation is issued, the Administrator may, without regard to the period of violation (subject to section 2462 of Title 28)--
> (A) issue an order requiring such person to comply with the requirements or prohibitions of such plan or permit,
> (B) issue an administrative penalty order in accordance with subsection (d) of this section, or
> (C) bring a civil action in accordance with subsection (b) of this section.
>
>    (2) State failure to enforce SIP or permit program
>    Whenever, on the basis of information available to the Administrator, the Administrator finds that violations of an applicable implementation plan or an approved permit program under subchapter V of this chapter are so widespread that such violations appear to result from a failure of the State in which the plan or permit program applies to enforce the plan or permit program effectively, the Administrator shall so notify the State. In the case of a permit program, the notice shall be made in accordance with subchapter V of this chapter. If the Administrator

> finds such failure extends beyond the 30th day after such notice (90 days in the case of such permit program), the Administrator shall give public notice of such finding. During the period beginning with such public notice and ending when such State satisfies the Administrator that it will enforce such plan or permit program (hereafter referred to in this section as "period of federally assumed enforcement"), the Administrator may enforce any requirement or prohibition of such plan or permit program with respect to any person by--
> > (A) issuing an order requiring such person to comply with such requirement or prohibition,
> > (B) issuing an administrative penalty order in accordance with subsection (d) of this section, or
> > (C) bringing a civil action in accordance with subsection (b) of this section.

The Sixth Circuit held that a state could be sued under § 7413(a)(1) as a "person [who] has violated or is in violation of any requirement or prohibition of an applicable implementation plan" when it failed to enforce a requirement of a SIP. The appellate court reasoned that "[w]hen the State fails to perform that duty [to enforce the SIP] it becomes a person in violation of a requirement of the implementation plan. As a violator, the State is subject to the enforcement procedures of section [7413(a)(1)]." 635 F.2d at 1205. The Sixth Circuit rejected the argument that the existence of an express cause to require a state to perform its duty to enforce a SIP requirement precluded a cause of action under the more general "any person [who] has violated" a SIP language:

> [W]hen section 113 is examined in its entirety it is not clear that (a)(1) and (a)(2) prescribe different means of enforcement under different sets of circumstances as contended by the State. They may be read to provide alternative mechanisms for dealing with a state's failure to comply with the provisions of an implementation plan. Both subsections permit proceedings against "any person" in violation of "any requirement" of an implementation plan. 40 C.F.R. s 52.1878(e) makes it a requirement of the

14

> Ohio plan that vehicles which do not comply with inspection and maintenance standards be denied registration and the right to operate on the public streets and highways of Cincinnati and Hamilton County. By refusing to comply with this requirement the State of Ohio became a "person" in violation of a provision of the plan. To proceed under section 113(a)(2), in effect displacing the State as regulator of motor vehicles during a "period of federally assumed enforcement," would be a more drastic remedy than the one chosen by EPA in this case.

*U.S. v. Ohio Dept. of Highway Safety*, 635 F.2d at 1204.  Although the Sixth Circuit was considering a different statute in *Department of Highway Safety*, the language of § 7413(a)(1) cannot be distinguished from the language I am called on to construe in Section 7604(a)(1)(A).  Section 7413(a)(1) creates a cause of action against "any person [who] has violated or is in violation of any requirement or prohibition of an applicable implementation plan [SIP]. . . ."   Section 7604(a)(1)(A) creates a cause of action "against any person . . . who is alleged to have violated . . . an emission standard or limitation . . . ." A "standard or limitation" includes a SIP.  The Sixth Circuit held in *Department of Highway Safety* that a state "violates" a SIP each time it fails to enforce it. The same logic necessarily applies to § 7604(a)(1)(A). The state violates an emission standard or limitation each time it fails to enforce it. Consequently, citizens may bring suit against the state under § 7604(a)(1)(A) when it fails to enforce a SIP emission standard or limitation.

Sixth Circuit precedent is binding on this Court. *See, State v. Henderson,* 73 F.3d 1414, 1417-18 (6th Cir. 1990). Although the very same statute is not before this Court,

15

there is no reasonable way to distinguish the two statutes.[1] That conclusion is reinforced by the absence of case law supporting my July 29 decision, the case law supporting plaintiffs' construction of § 7604(a)(1)(A), and US EPA's construction of the statute.[2]

## IV. Conclusion

For the reasons stated above, plaintiffs' September 23, 2009 motion for reconsideration and reversal of the interlocutory order denying plaintiffs' motion for partial summary judgment on count one (doc. 64) is GRANTED and defendant Christorpher Korleski's September 1, 2009 motion to dismiss complaint for failure to state a claim upon which relief may be granted (doc. 61) is DENIED.

Plaintiffs' motion for partial summary judgment on count 1 of the complaint is GRANTED.

The Court HOLDS that the Director's failure to enforce and implement the Ohio SIP violates the Clean Air Act, 42 U.S.C. § 7410; the Director's failure to enforce and

---

[1] In both cases, there is another statute that would authorize the U.S. EPA to sue the state for the failure to enforce a SIP. § 7604(a)(2) and § 7413(a)(2). One difference between the statutes is that § 7604(a)(1)(A) authorizes a citizens suit while § 7413(a)(1) authorizes suit by the U.S. EPA. But the critical words to construe are "anyone" who "violates." Since in both statutes the violator is "anyone," I do not see how the identity of the person authorized to bring suit would change the construction of § 7604(a)(1)(A).

[2] The US EPA's reliance on the case law construing § 7604(a)(1)(A) to permit a citizen suit against a state for failure to enforce an emission standard or limitation is some authority supporting that construction, but it is not controlling. *See Alaska Dept. of Environmental Conservation v. E.P.A.*, 540 U.S. 461, 488 (2004)("Cogent 'administrative interpretations ... not [the] products of formal rulemaking ... nevertheless warrant respect.'"(*quoting Washington State Dept. of Social and Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003)).

implement the Ohio SIP violates the Clean Air Act, 42 U.S.C. § 7416; the BAT exemption (i.e., the regulatory exemption from BAT for new and modified under 10 ton sources of NAAQS pollution) adopted and promulgated by Ohio EPA on November 20, 2006 and which became effective on December 1, 2006 violates the Ohio SIP and Clean Air Act; and the Ohio General Assembly's August 3, 2006 amendment of Ohio Revised Code 3704.03, containing a statutory BAT exemption for new and modified under 10 ton sources of NAAQS pollution, is preempted by the Clean Air Act, U.S.C. § 7416 and 42 U.S.C. § 7410, and by the Ohio SIP.

The Director is ORDERED to implement and enforce O.A.C. § 3745-31-05 contained in the U.S. EPA approved Ohio SIP (i.e., to enforce BAT requirements against new and modified under 10 ton sources of NAAQS pollution), and the Director is ENJOINED from further implementation of the BAT exemption that contravenes the federally-approved Ohio SIP.

s/ Mark R. Abel<br>
United States Magistrate Judge