IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sierra Club, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:08-cv-865 |
| v. | : | |
| Christopher Korleski, Director of Ohio EPA, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on defendant Director Christopher Korleski's March 26, 2010 emergency motion for a stay of proceedings pending appeal (doc. 82).

**I.     Background**

This action is brought under the Federal Clean Air Act, 42 U.S.C. §7401, *et seq*. The complaint makes the following allegations. In November 2006, the Ohio EPA adopted revised Ohio Adm. Code § 3745-31-05, which exempts all sources that produce less than 10 tons per year of any National Ambient Air Quality Standards ("NAAQS") pollutant or pre-cursor from Ohio's State Implementation Plan ("SIP") requirement that all sources of air contaminants employ the best available technology ("BAT") to reduce air emissions. The Ohio EPA began enforcing the new BAT exemption effective December 1, 2006, but failed to submit a SIP revision to U.S. EPA within 60 days after

1

the BAT exemptions adoption. It did not submit revised Ohio Adm. Code § 3745-31-05 to the U.S. EPA for approval until January 18, 2008. In June 2008, U.S. EPA advised Ohio EPA that the January 2008 submission was incomplete and could not be processed. Ohio EPA continues to enforce the BAT exemption.

On February 2, 2010, the Court ordered the Director to implement and enforce O.A.C. § 3745-31-05 contained in the U.S. EPA approved Ohio SIP (i.e., to enforce BAT requirements against new and modified under 10 ton sources of NAAQS pollution) and enjoined the Director from further implementation of the BAT exemption that contravenes the federally-approved Ohio SIP.

On March 3, 2010, the Director filed an interloctory appeal to the United State Court of Appeals for the Sixth Circuit.

**II.    Arguments of the Parties**

    **A.    Defendant**

The Director argues that this Court should stay the proceedings as to claim two because whether or not plaintiffs can bring suit against him under the citizen suit provision of the Clean Air Act will be determined on appeal in the Sixth Circuit. Defendant maintains that a dispositive issue pending on appeal weights heavily in favor of a stay, and it is particularly appropriate where the issue on appeal concerns the plaintiff's standing. Continuing to litigate the second claim would waste the resources of the parties and the Court if the Sixth Circuit ultimately determines that plaintiffs do not have standing to pursue regulatory violations by the Director.

The Director further argues that a stay will not prejudice plaintiffs because they have already received the relief it would receive if they prevailed on their second claim. This Court has already issued an injunction against the Director's further enforcement of the BAT exemption. Although the Court could still issue a declaration concerning plaintiff's second claim, the Court has no authority to award retroactive injunctive relief under *Ex Parte Young*.

The Director contends that continuing to litigate the second claim while the Sixth Circuit determines the scope of the citizen suit provision will impose an undue hardship and prejudice him. Defendant maintains that plaintiffs' discovery requests have been burdensome and harassing, and despite the Director's full and fair responses to plaintiff's requests, plaintiffs maintain that the responses are insufficient.

### B. Plaintiffs

As an initial matter, plaintiffs contend that the Director's motion to stay should be denied because it was filed in contravention of the Court's March 3, 2010 Order. Plaintiffs argue that a stay would prejudice the public and the plaintiffs by preventing plaintiffs from ensuring that the Director is complying with the Court's injunction. According to plaintiffs, defendant has failed to identify a pressing need for delaying the case, and continued discovery regarding whether the Director is complying with the injunction will promote judicial economy.

Plaintiffs argue that the motion was filed in an to attempt to avoid having to respond to plaintiffs' discovery requests. In February 2010, the Sierra Club became

3

aware of an Ohio EPA memorandum that made it apparent that the Director was not fully complying with the February 2, 2010 injunction. The memorandum indicated that renewal permits were being placed on hold, which suggests that the Director is allowing sources to continue to operate without BAT and not making BAT determinations for such sources.

### III. Discussion

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55, 57 S.Ct. at 166.

When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non- moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Martin v. Heideman,* 695 F.2d 1308, 1311 (6th Cir. 1997); *See also, In re Beverly Hills Fire Litigation,*

4

695 F.2d 207, 216 (6th Cir. 1982). A stay is appropriate when it serves the interests of judicial economy and efficiency. W*eisman v. Southeast Hotel Prop. Ltd. Partnership,* 1992 WL 131080, at *6 (S.D.N.Y.1992) (citing Wright, Miller & Cooper, Federal Practice and Procedure § 3866 (1986)).

> My March 3, 2010 Order stated:
>
> Whether a discovery request is burdensome within the meaning of Rule 26(b)(2) (C)(iii) is best determined in a concrete factual matrix. Here I can best understand the relevance of discovery requests and the burden of responding to them when confronted with specific discovery requests/deposition requests. Further, in my experience, some discovery imposes little burden–whether directed to the merits or non-merits issues. For example, if a document request can be answered easily by searching the file cabinets of one employee or, by a routine business operations, one database, it is not burdensome. Once discovery requests are served, defendant may well determine that it would not be burdensome to respond to many of them. A further benefit of serving discovery now is that it will inform and assist the opposing party in meeting its obligation to preserve all documents and other evidence relevant to the claims and defenses of the parties in this lawsuit.

Doc. 79. The Director maintains that plaintiffs' discovery requests are burdensome to the point that they are bordering on harassment. In his discovery responses, the Director asserted that the Ohio EPA cannot search for new or modified sources that were exempted from the BAT by using the Stars 2 system or other electronic means because the Ohio EPA does not maintain or organize data based on a sources' "potential to emit" ("PTE") 10 or fewer tons of NAAQS pollution. According to the Director, only a manual review of all permits could identify every source that was exempted from the BAT requirement, and such a review would be exceedingly burdensome. According to

the Director, between 2006 and 2010, the Ohio EPA processed approximately 700 to 1,000 installation permits or permits to install and operate per year, and many permits include multiple emission units. As a result, to determine all BAT exemptions between 2006 and 2010 would require defendant to manually review approximately 3,700 permits and emission units within each permit. The Director maintains that this process would take hundreds of hours.

On March 25, 2010, counsel for plaintiffs sent written correspondence to defendant concerning his discovery responses. Plaintiffs sought answers to new questions raised by the Director's discovery responses. Counsel for plaintiffs indicated his wish to resolve the dispute through written means rather than telephonic. Rather than make further attempts at communicating with plaintiffs' counsel, the Director opted to file this motion to stay in part based on the burdensomeness of conducting discovery. At this point, I cannot say that a stay is warranted. Although the Director maintains that plaintiffs' discovery requests are burdensome, I do not have sufficient detailed facts to make that determination. In denying the motion to stay, I make no ruling as to the merits of the motion.

Counsel are DIRECTED to make a good faith effort to resolve this discovery dispute. In the event that the dispute is not resolved, Counsel are DIRECTED to telephone my office within 15 days of the date of this Order to schedule a telephone conference with me.

For the reasons stated above, defendant Director Christopher Korleski's March 26, 2010 emergency motion for a stay of proceedings pending appeal (doc. 82) is DENIED.

s/ Mark R. Abel
United States Magistrate Judge
