IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sierra Club, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:08-cv-865 |
| v. | : | |
| Christopher Korleski, Director of Ohio EPA, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

**ORDER**

This matter is before the Court on defendant's July 31, 2012 motion for entry of dismissal.

On September 16, 2008, plaintiffs Sierra Club, Michael Sinclair, Theresa Cole and Josephine Cole filed a complaint raising four claims for relief. All four claims were brought pursuant to 42 U.S.C. § 7604, the citizen-suit provision of the Clean Air Act. Although the Court initially denied plaintiff's motion for partial summary judgment, on reconsideration, the Court granted summary judgment on plaintiffs' count 1 of the complaint. Plaintiff voluntarily dismissed counts 3 and 4.

Defendant appealed this Court's decision to the Sixth Circuit. The Sixth Circuit reversed the decision and held that the Clean Air Act's citizen-suit provision did not authorize this lawsuit. *Sierra Club v. Korleski*, 681 F.3d 342 (2012). The Sixth Circuit held

that the text and structure of the Clean Air Act does not permit citizen suits against state regulators *qua* regulators. Id. at 351.

In response to defendant's motion for an entry of dismissal, plaintiffs seek to have count 2 of their complaint dismissed without prejudice. Although plaintiffs do not intend to move forward on their claim that defendants violated the anti-backsliding provisions of the Clean Air Act found in 42 US.C. §§ 7410, 7515, they argue that the Sixth Circuit did not address the merits of this claim. As a result, plaintiffs maintain that they should be permitted to voluntarily dismiss this claim without prejudice. Plaintiff's motion to voluntarily dismiss count 2 without prejudice is DENIED. Neither section 7410 or 7515 provide a mechanism for plaintiffs to assert their claim. Rather, this count was also brought pursuant to the citizen-suit provision, and the Sixth Circuit has ruled that the citizen-suit provision does not permit plaintiffs to sue the State for its regulatory failures.

Plaintiffs also seek leave to file an amended motion for attorney fees. Plaintiffs argue that under the citizen suit provision of the Clean Air Act, a party may be awarded fees "whenever the court determines such an award is appropriate." 42 U.S.C. § 7604(d). Plaintiffs maintain that they are eligible for fee recovery under the "catalyst" theory. A party is a catalyst when it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. Plaintiffs contend that as a result of this action, they obtained over two years of court-ordered SIP compliance, which has resulted in hundreds of facilities receiving permits that contain the BAT standards

required by Ohio's SIP. Plaintiffs maintain that it is their understanding that the Ohio EPA has continued to implement the BAT requirement even after the Sixth Circuit's decision.

Under these circumstances, an award of attorney fees is not appropriate. A party must have some success on the merits to be awarded attorney fees under the Clean Air Act. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)("[R]equiring a defendant, completely successful on all issues, to pay the unsuccessful plaintiff's legal fees would be a radical departure from long-standing fee-shifting principles adhered to in a wide range of contexts."). Therefore, plaintiffs's request for leave to file an amended motion for attorney fees is DENIED.

Pursuant to the decision and mandate of the United States Court of Appeals for the Sixth Circuit in *Sierra Club v. Korleski*, 681 F.3d 342 (6th Cir. 2012) (Docs. 90 & 91), the defendant's Motion for Entry of Dismissal (doc. 93) is granted, and it is hereby ORDERED that the plaintiffs' complaint is DISMISSED.

s/ Mark R. Abel  
United States Magistrate Judge